IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACKSON, | ) | |
|     Plaintiff, | ) | C.A. No. 10-64 Erie |
| | ) | |
| vs. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| MS. OVERTON, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion to transfer case [ECF No. 15] be granted and that this case be transferred to the Erie County Court of Common Pleas.

### II. REPORT

#### A. Relevant Procedural History

On March 17, 2010, Plaintiff, a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), submitted a *pro se* complaint for filing with this Court, along with a motion to proceed *in forma pauperis* ("ifp motion"). [ECF No. 1]. Plaintiff's ifp motion was subsequently granted by this Court on April 13, 2010, and Plaintiff's complaint was docketed at such time. [ECF No. 5]. The caption of the complaint bears the heading "In the Court of Common Pleas of Erie County, Pennsylvania," and names as Defendants: Ms. Overton, Chief Health Care Administrator at SCI-Albion; Major Bryant, a corrections officer at SCI-Albion; and Raymond Sobina, former Superintendent at SCI-Albion. The complaint is purportedly filed pursuant to the Pennsylvania Tort Claims Act, and alleges that Defendants were negligent in failing to accommodate his medical needs after he returned to SCI-

1

Albion from the Millcreek Hospital, where he received treatment for a severe ankle sprain.

On September 20, 2010, Defendants filed a motion to dismiss [ECF No. 11], arguing, *inter alia*, that the complaint fails to state a federal cause of action under 42 U.S.C. § 1983, and that Plaintiff's claims are best interpreted as state law negligence claims. After being granted an extension of time to file an amended complaint, Plaintiff filed a motion to transfer this case to the Erie County Court of Common Pleas, where he originally intended to file suit. [ECF No. 15]. Defendants subsequently filed a response essentially consenting to Plaintiff's motion.

### **B.** **Discussion**

As noted by Defendants, 42 Pa.C.S. § 5103 governs the transfer of erroneously filed matters to and from courts within the Commonwealth of Pennsylvania. Section 5103 reads, in pertinent part, as follows:

> (a) **General rule.**-- If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth....
>
> (b) **Federal cases.--**
>
> > (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth....
> >
> > (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth....

42 Pa.C.S. § 5103.

In discussing the operation of Section 5103, the Pennsylvania Superior Court has

observed,
> Section 5103 allows the federal court to transfer an erroneously filed case to the Court of Common Pleas, rather than dismissing it outright. 42 Pa.C.S.A. § 5103(a), (b)(1)-(2). The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose her opportunity to litigate the merits of the claim simply because she erred regarding federal jurisdiction.

Commonwealth v. Lambert, 765 A.2d 306, 320 (Pa.Super. 2000). See also McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 430 (3d Cir. 1983)(recognizing that Section 5103 makes it "possible to effectuate the intention of the Pennsylvania legislature to ameliorate the hardship to litigants who inadvertently file their actions in the wrong court...").

Here, it is clear that Plaintiff's complaint was erroneously filed with this Court and that Plaintiff intended to initiate this complaint in the Court of Common Pleas of Erie County, Pennsylvania. As a result, Plaintiff's motion to transfer case should be granted and this case should be transferred to the Erie County Court of Common Pleas in accordance with the procedures outlined in 42 Pa.C.S. § 5103(b)(2).

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion o transfer case [ECF No. 15] be granted and that this action be transferred to the Court of Common Pleas of Erie County Pennsylvania pursuant to 42 Pa.C.S. § 5103(b)(1)-(2).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d

187 (3d Cir. 2007).

                                      /s/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

Dated: February 25, 2011

cc:      The Honorable Sean J. McLaughlin
          United States District Judge